NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



EDUARDO ANTONIO LOPEZ
SANCHEZ; ANA YAMILETH MIRANDA
DE LOPEZ; EDUARDO NATANAEL
LOPEZ MIRANDA,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-3442

Agency Nos.
A220-797-115
A220-797-116
A220-797-117

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 25, 2024
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

    Eduardo Antonio Lopez Sanchez, his wife Ana Yamileth Miranda de Lopez

("Ana"), and their son Eduardo Natanael Lopez Miranda ("Eduardo") (collectively

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"Petitioners"[1]) are natives and citizens of El Salvador. Petitioners seek review of a Board of Immigration Appeals ("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") order (collectively "agency"). The agency denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and does not express disagreement with the IJ, we review both the BIA's and the IJ's decisions. *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). Under the substantial evidence standard, we uphold the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1218 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Lopez Sanchez's claims for asylum and withholding of removal are based on his membership in two proposed particular social groups ("PSG") and one political opinion. A PSG must be "(1) composed of members who share a

---

[1] Each petitioner filed an independent application for asylum and withholding of removal, but all claims rely primarily on the harms alleged by Lopez Sanchez.

2

common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). The "social distinction" prong is an evidence-based inquiry as to whether the proposed social group is recognized by the society in question, a factual determination which we review for substantial evidence. *Id.* However, we apply de novo review to "the ultimate [legal] question": "[G]iven those facts, is there a 'particular social group'?" *Id.* (citation omitted).

The agency did not err in concluding that the proposed PSG of "Referees who have taken concrete actions against gang members" is not cognizable. The record does not compel a finding of sufficient particularity. *Cf. Pirir-Boc v. Holder*, 750 F.3d 1077, 1084–85 (9th Cir. 2014) (remanding on whether record supported "persons taking concrete steps to oppose gang membership and gang authority" was sufficiently particular).

As to the proposed PSG of "Former referees who rule against gang teams," the record is devoid of any evidence that Salvadoran society recognizes this group as socially distinct. Given the paucity of evidence of social distinction, we agree with the agency's determination that the proposed PSG is not cognizable.

Further, substantial evidence supports the agency's finding that Lopez Sanchez failed to establish that his political opinion of "referees should referee

3

matches in a fair and objective manner" was either "one central reason" or "a reason" for the harm he suffered.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358, 360 (9th Cir. 2017).  The record supports the agency's determination that gang members' statements to Lopez Sanchez reflected personal animus over his performance as a referee rather than disagreement with his political opinion.[2]

2.  Substantial evidence supports the agency's conclusion that Ana and Eduardo have not independently established eligibility for asylum or withholding of removal.  On appeal to the BIA, Ana and Eduardo failed to challenge the finding that they had not suffered harm independent of Lopez Sanchez's harm.  The record does not compel reversal of the agency's findings that Ana and Eduardo failed to establish past persecution, a well-founded fear of future persecution, or a "clear probability" that their life or freedom would be threatened in El Salvador.  *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).

3.  Substantial evidence supports the agency's conclusion that Petitioners are ineligible for protection under CAT.  To qualify for CAT relief, Petitioners must establish that if removed to El Salvador, they would "more likely than not" be tortured "with the consent or acquiescence" of the government.  8 C.F.R. §§ 208.16(c)(2), 208.18(a)(1).  Here, the record does not compel the conclusion

---

[2] In light of these dispositive findings foreclosing relief for asylum and withholding of removal, we do not address the other claims of error.

4

that the Salvadoran government would acquiesce in Petitioners' feared torture. *See*

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014).

**PETITION DENIED.**